UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEBSTER S. LUCAS, | Case No. CV 19-9872-JLS (AS) |
| Plaintiff, | **ORDER ACCEPTING FINDINGS,** |
| v. | **CONCLUSIONS AND RECOMMNEDATIONS OF** |
| JIM MCDONNELL, et. al., | **UNITED STATES MAGISTRATE JUDGE** |
| Defendants. | |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the First Amended Complaint, all of the records herein, and the Report and Recommendation of a United States Magistrate Judge. After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. However, the Court addresses the arguments raised in Petitioner's Objections below.

Plaintiff continues to argue that he sufficiently exhausted administrative remedies and had no obligation to appeal the first-level response to his grievance because he was satisfied with the

response. (Objections at 1-3). As support, he cites Harvey v. Jordan, 605 F.3d 681, 685 (9th Cir. 2010), which states that an inmate "has no obligation to appeal from a grant of relief, *or a partial grant that satisfies him*, in order to exhaust his administrative remedies." (emphasis added). However, as the Magistrate Judge explained, Harvey is distinguishable because it "turned on the fact that the prisoner was induced into abandoning his appeal by the unfulfilled promise of relief." Benitez v. Cty. of Maricopa, 667 F. App'x 211, 212 (9th Cir. 2016); see also Kiner v. Yang, 2021 WL 307557, at *4 (E.D. Cal. Jan. 29, 2021) (distinguishing Harvey "because plaintiff was not induced to abandon his appeal by any unfulfilled promise of relief"), report and recommendation adopted, 2021 WL 1238293 (E.D. Cal. Apr. 2, 2021). Here, Plaintiff has stated that he was "satisfied" with the first-level response only because it "acknowledged" that he had been deprived of a bed, which was the subject of his grievance. (See Pl.'s Depo. at 82; Objections at 3). Because the response did not provide or promise Plaintiff any remedy, and further remedies remained available, Plaintiff was obligated to fully pursue such remedies before seeking relief in this Court. See Benitez, 667 F. App'x at 212 (inmate had an obligation to exhaust all available levels of appeal even though prison had partially granted relief on ADA grievance by providing ADA accommodation); Williams v. Gage, 2021 WL 1176829, at *8 (W.D. Wash. Mar. 2, 2021) ("[A] prisoner has an obligation to exhaust the administrative process even if he is partially satisfied by the prison's response to his grievance.") (citing Benitez, 667 F. App'x at 212), report and recommendation adopted, 2021 WL 1172233 (W.D. Wash. Mar. 29, 2021).

Plaintiff also appears to argue that he was not subject to the PLRA's exhaustion requirements as a pretrial detainee in the custody of the Los Angeles County Sheriff's Department. (Objections at 1-2 & n.1). Plaintiff is mistaken. The PLRA applies to all actions brought "by a prisoner confined in any jail, prison, or other correctional facility." 42 U.S.C. § 1997e(a); see also Kingsley v. Hendrickson, 576 U.S. 389, 402 (2015) (noting that PLRA "applies to both pretrial detainees and convicted prisoners"). Moreover, it is immaterial that the administrative grievance forms used by the Los Angeles County Sheriff's Department differ from those used in prisons by the California Department of Corrections and Rehabilitation. As the Magistrate Judge found, the notice Plaintiff received in response to his grievance expressly informed him of his right to appeal within fifteen days (see Canfield Decl. ¶ 9; FAC Exh. B), and Plaintiff has not justified his failure to do so in any respect. In these circumstances, dismissal without prejudice is warranted for failure to exhaust administrative remedies.

In sum, Petitioner's Objections do not cause the Court to reconsider its decision to accept the Magistrate Judge's conclusions and recommendations.

**IT IS ORDERED** that (1) Defendants' Motion for Summary Judgment (Dkt. No. 59) is GRANTED, and (2) Judgment shall be entered

dismissing this action, as to Defendants Canfield and Hollis, without prejudice.[1]

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on Plaintiff and counsel for Defendants.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 19, 2022

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

---

[1] Defendants Canfield and Hollis were the only Defendants remaining in this action, since Plaintiff voluntarily dismissed Defendant Jim McDonnell on March 2, 2022, who had not been served and never appeared in the case.

4